MANDATE

24-2329
Williams v. Federal Government of Nigeria

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of April, two thousand twenty-five.

PRESENT:
ROBERT D. SACK
MYRNA PÉREZ,
SARAH A. L. MERRIAM,
*Circuit Judges.*

---

DR. LOUIS EMOVBIRA WILLIAMS,

*Plaintiff-Appellee*,

v. No. 24-2329

FEDERAL GOVERNMENT OF NIGERIA, ATTORNEY GENERAL OF THE FEDERAL GOVERNMENT OF NIGERIA,

*Defendants-Appellants*,

CENTRAL BANK OF NIGERIA, JPMORGAN CHASE & CO., JOHN DOES 1-10,

*Defendants*.



MANDATE ISSUED ON 04/30/2025

---

**FOR PLAINTIFF-APPELLEE:** BARUCH S. GOTTESMAN, Gottesman Legal PLLC, New York, NY.

**FOR DEFENDANTS-APPELLANTS:** GERALD O. EGBASE, AOE Law & Associates, Los Angeles, CA.

Appeal from an order of the United States District Court for the Southern District of New York (Liman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's order is **AFFIRMED**.

In this appeal, Defendants-Appellants the Federal Government of Nigeria and the Attorney General of the Federal Government of Nigeria[1] challenge the district court's denial of their motion to dismiss Plaintiff-Appellee Williams' complaint for want of subject matter jurisdiction, claiming they are entitled to sovereign immunity.

Williams filed a complaint in New York state court seeking enforcement of a default judgment issued in his favor against Defendants in the United Kingdom ("UK"). The default judgment was issued after the Federal Government of Nigeria failed to pay a sum of money it agreed to give Williams pursuant to a September 1993 instrument titled the Fidelity Guarantee and Abiding Memorandum of Understanding of Assurance ("Fidelity Guarantee").

---

[1] The Attorney General of the Federal Government of Nigeria is named in his official capacity.

Defendants removed the action to federal district court under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1330. Then, relying on the FSIA, Defendants sought dismissal of Williams' complaint for lack of subject matter jurisdiction, arguing that they were entitled to immunity. The district court determined that Defendants had explicitly waived immunity and denied their motion to dismiss the complaint.

We assume the parties' familiarity with the underlying facts and the procedural history, which we recount only as necessary to explain our decision to affirm the district court's order.

**DISCUSSION**

An order denying immunity pursuant to the FSIA is immediately appealable pursuant to the collateral order doctrine. *See Pablo Star Ltd. v. Welsh Gov.*, 961 F.3d 555, 559 n.5 (2d Cir. 2020). Legal conclusions are reviewed de novo and factual findings are reviewed for clear error. *See id.*

Pursuant to the FSIA, "a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States," except where one of the enumerated exceptions set forth in §§ 1605 through 1607 applies. 28 U.S.C. § 1604. Of relevance here is one of the exceptions set forth in § 1605(a), which provides that "[a] foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case—(1) in which the foreign state has waived its immunity either explicitly or by implication . . . ." *Id.* § 1605(a)(1). In interpreting this exception, "explicit" means "clear and unambiguous." *Cap. Ventures Int'l v. Republic of Argentina*, 552 F.3d 289, 293 (2d Cir. 2009).[2] In determining whether an exception

[2] Because we find an explicit waiver of sovereign immunity in this case, as explained below, we do not consider whether there was a waiver "by implication."

to the FSIA applies, the court "can and should consider matters outside the pleadings relevant to the issue of jurisdiction." *Arch Trading Corp. v. Republic of Ecuador*, 839 F.3d 193, 199 (2d Cir. 2016) (quoting *Kensington Int'l Ltd. v. Itoua*, 505 F.3d 147, 153 (2d Cir. 2007)).

We affirm the district court's denial of Appellants' motion to dismiss because, contrary to Appellants' arguments, the Fidelity Guarantee explicitly waives sovereign immunity in U.S. state and federal courts, and the 2018 UK judgment does not preclude that conclusion.

**I. Sovereign Immunity**

The Fidelity Guarantee makes plain that Appellants waived immunity.

Pursuant to paragraph 21 of the Fidelity Guarantee, if Williams must "take legal proceedings to secure and enforce the release of his monies [outlined in paragraph] (14),"[3] then per subsection one, Williams may choose a forum "be it the UK or Nigeria or ***any other country***." App'x at 214 (emphasis added). And per subsection three of paragraph 21, "[n]either the Nigerian State nor the [Central Bank of Nigeria ("CBN")] shall raise or invoke any defences so as to deprive Dr Williams of his monies," and specifically enumerated defenses including "acts of state, state privileges, state secrecy and state immunities and the like" are "waived without

[3] Paragraph 14 states:

> The [Central Bank of Nigeria] therefore is ordered and herein has consented to act with utmost good faith and assurance and to return to Dr Williams the following sums of money: -
>
> (a) US$6,520,190 with interest fixed 17½ % compound interest on roll over basis from 1986.
>
> (b) N5,013,316M (with compound interest fixed at 25% on rollover basis.
>
> (c) The rate of exchange of US Dollars to Naira is fixed at 0.85N. That is to say, US$5,880,611 is equivalent to the Naira in (b) the regime of Dollar in (a) will apply. If the Naira is not to be paid in Naira, then the rate of interest is to be fixed at 17½% compound interest on rollover basis.

App'x at 213. Throughout this order, typographical errors in quotations from the Fidelity Guarantee appear in the original.

any equivocation and doubt whatsoever." App'x at 214–15. Under this Court's decision in *Capital Ventures International*, language waiving immunity in "any court" is sufficient to waive immunity in the United States. 552 F.3d at 294. The language need not mention the United States explicitly, nor does it matter that language relating to other countries is found in the agreement. *See id.* at 294–96.

Paragraphs 18 and 20 of the Fidelity Guarantee further underscore the explicit waiver of immunity. Paragraph 18 discusses "proceedings to recover the proceeds of money in [paragraph] (14)" and says that "in any proceedings in any jurisdiction to enforce any judgement obtained in relation thereto both the CBN and the Nigerian State shall refrain from raising any objection on the grounds that . . . the funds are funds of Nigerian State and/or Central Bank." App'x at 214. Paragraph 20 then indicates that the Federal Government of Nigeria is "deemed to have waived any immunity from levying of execution on amount kept in [its] name . . . to the extent to which any amount in [paragraph] (14) . . . remains unpaid." App'x at 214.

The language of the Fidelity Guarantee shows an explicit waiver of immunity, and the district court correctly determined that the FSIA did not deprive the district court of subject matter jurisdiction.

## II. Issue Preclusion

Next, the district court's decision not to afford preclusive effect to the at-issue portion of the 2018 UK judgment was appropriate.

For collateral estoppel to preclude relitigation of an issue, the first of the four elements of the issue preclusion test requires that the issue be identical in both proceedings. *See Republic of Ecuador v. Chevron Corp.*, 638 F.3d 384, 400 (2d Cir. 2011) (listing elements under general preclusion principles, including "(1) the identical issue was raised in a previous proceeding" (internal quotation marks omitted) (quoting *N.L.R.B. v. Thalbo Corp.*, 171 F.3d 102, 109 (2d Cir. 1999))).[4]

That requirement is not met here. The UK court determined that paragraph 21 of the Fidelity Guarantee did not qualify as a "prior agreement" in which the Appellants submitted to the United Kingdom's jurisdiction. App'x at 242. The UK court reasoned that the Fidelity Guarantee was an agreement, but only between Williams and the Central Bank of Nigeria, and that the government of Nigeria was not a party to the contract, even though numerous passages discuss waivers of rights by the Nigerian sovereign. *See* App'x at 241–42. In contrast, the issue before the district court was whether the language of the Fidelity Guarantee is "clear and unambiguous" in waiving the Federal Government of Nigeria's immunity, whether or not the government itself is a party to the "agreement." *Cap. Ventures Int'l*, 552 F.3d at 293.

Because the two proceedings addressed two different issues, the district court correctly determined that the 2018 UK judgment did not preclude the district court from determining that

---

[4] The parties do not challenge the district court's application of general federal preclusion principles on appeal. Therefore, we need not conduct our own conflict of laws analysis, and we too apply federal law. *See Trikona Advisers Ltd. v. Chugh*, 846 F.3d 22, 31–32 (2d Cir. 2017) (determining that where the parties' briefs assume a certain body of law applies, "such implied consent is sufficient to establish the applicable choice of law" (alterations adopted) (internal quotation marks omitted) (quoting *Arch Ins. Co. v. Precision Stone, Inc.*, 584 F.3d 33, 39 (2d Cir. 2009))).

the Fidelity Guarantee includes an explicit immunity waiver.[5]

* * *

We have considered Appellants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court denying Appellants' motion to dismiss on the basis of sovereign immunity.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court




A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

---

[5] Given that the first element of the issue preclusion test is not satisfied, Appellants' argument fails, and this Court need not address the other three elements.